SHIRLEY HILL COAL CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 9304.   Promulgated April 21, 1927.

The amount paid by a mine owner for the cancellation of a lease to enable it to sell the mine is a part of the mine's cost basis to be used in determining the loss resulting from subsequent sale, and not a deductible business expense.

*Frank J. Albus, Esq.*, for the petitioner.
*Harold Allen, Esq.*, for the respondent.

This proceeding results from the determination of a deficiency in income and profits taxes for the calendar year 1917, in the amount of $1,287.40. Error is assigned by petitioner in that the Commissioner, in computing net income for the year 1917, refused to allow as a deduction from income $50,000 paid to the Gould Coal Washing Co. for the cancellation of a lease. We have found the facts in accordance with a stipulation filed by the parties.

### FINDINGS OF FACT.

Petitioner is an Indiana corporation with its principal office at 1350 Peoples Gas Building, Chicago, Ill. Prior to 1912, petitioner purchased certain mining properties, known as Mines Nos. 2 and 3. The depreciated cost as shown by the books of account of petitioner and as accepted as correct by the parties, is $195,092.92 less $33,333.33, representing the balance of a contract carried on its books, which should have been written off, making a corrected depreciated cost of $161,759.59. In the year 1912, the mining property in question was leased by petitioner to the Gould Coal Washing & Mining Co., an Indiana corporation, for a period of 25 years. In 1917 the petitioner received an offer of $190,000 from a third party for the property. The petitioner thereupon entered into negotiations with the Gould Coal Washing & Mining Co. for the cancellation of the remaining portion of the lease on the mining property. On March 17, 1917, an agreement was entered into between petitioner and the Gould Coal Washing & Mining Co. whereby in consideration of the cancellation of the lease the petitioner agreed to pay and paid to the Gould Coal Washing & Mining Co. the amount of $50,000, which fully and completely extinguished all further rights of the Gould Coal Washing & Mining Co., under the 25-year lease entered into in 1912. Immediately after the cancellation of the rights of the Gould Coal Washing & Mining Co., under the lease, in consideration of $50,000 paid to them, the petitioner sold the property for $190,000. In arriving at the gain or loss sustained by the petitioner on the sale of the property in 1917, the respondent considered the $50,000 paid by petitioner to the Gould Coal Washing & Mining Co. for the cancellation of the 25-year lease entered into in 1912 as additional cost of the property, and added it to the book cost of $161,759.59, making a cost of $211,759.59. The respondent, in arriving at the amount of the loss sustained, determined the same as follows:

| | |
|---|---:|
| Depreciation cost as shown by books and brief dated July 31, 1924_ | $195, 092. 92 |
| Less: Balance of contract carried on books which should have been written off_____ | 33, 333. 33 |
| Corrected depreciated cost of assets_____ | 161, 759. 59 |
| Additional cost of cancellation of contract_____ | 50, 000. 00 |
| Corrected cost_____ | 211, 759. 59 |
| Sale price_____ | 190, 000. 00 |
| Revised loss_____ | 21, 759. 59 |

The March 1, 1913, value of the property sold was $214,915.63.

The agreement between the petitioner and the Gould Coal Washing & Mining Co., covering the $50,000 paid by the former to the latter, provided as follows:

THIS INDENTURE, executed in original and triplicate parts, between SHIRLEY HILL COAL COMPANY, a corporation organized and existing under and by virtue of the laws of the State of Indiana, party of the first part, and GOULD COAL WASHING AND MINING COMPANY, a corporation organized and existing under and by virtue of the laws of the State of Indiana, party of the second part:

WITNESSETH:                                            .

THAT WHEREAS said parties on the 24th day of June, 1912, entered into a certain indenture or lease recorded in Miscellaneous Record 13, Page 491, Sullivan County, Indiana, whereby the party of the first part leased to the party of the second part certain property in Sullivan County, State of Indiana, in said lease specifically described, for a term of twenty-five (25) years, commencing on the first day of July, 1912, and ending on the 30th day of June, 1937, and a certain agreement supplemental thereto; and

WHEREAS it is the desire of said parties that said term be sooner terminated;

Now, THEREFORE, said parties hereby agree as follows:

1. For and in consideration of the sum of Fifty Thousand Dollars ($50,000.00) PAID by the party of the first part to the party of the second part, the receipt whereof is hereby acknowledged, the term of said lease is hereby terminated and ended on the 19th day of March, 1917, and the party of the second part hereby agrees to deliver possession of all of said leased property to the party of the first part on or before seven o'clock in the forenoon of March 19th, 1917. The option in said indenture of June 24th, 1912, to lease coal in the Number Five Vein, and the easement granted in the agreement of June 24th, 1912, supplemental to said indenture are hereby released, cancelled and determined.

2. The party of the second part is hereby excused from the payment of the taxes for the year 1917 that became a lien on the first day of March, 1917, but is not by this agreement released or excused from the payment of rentals or royalties earned up to the 19th day of March, 1917, or from the performance of any covenants or obligations accruing prior to March 19th, 1917, under said indenture of June 24th, 1912.

IN WITNESS WHEREOF, the said Shirley Hill Coal Company has caused this instrument to be executed in its name and on its behalf by its President and Secretary, and its corporate seal to be affixed hereto, in pursuance of authority granted by its Board of Directors; and the said Gould Coal Washing and Mining Company has caused this instrument to be executed in its name and on its behalf by its President and Secretary and its corporate seal to be affixed hereto in pursuance of authority granted by its Board of Directors, this 17th DAY OF MARCH, A. D. 1917.

OPINION.

MILLIKEN: Petitioner contends that the $50,000 paid in 1917 to the Gould Coal Washing & Mining Co. for the cancellation of the balance of the 25-year lease entered into in 1912, was an ordinary and necessary business expense and as such, is a proper deduction from gross income for the year 1917.

In 1912, petitioner had leased its mine for a period of 25 years. In 1917, an offer was received for the mine from a third party. It was obviously necessary, in order to consummate the sale for the petitioner to have the right to possession of the mine, and to accomplish the same petitioner purchased the cancellation of the lease for the sum of $50,000, and thereupon sold the property for the sum of $190,000.

In the absence of any facts to the contrary, we must presume that petitioner sold two things for the sum of $190,000—the title to the real estate and the right of immediate possession. To determine whether a gain or loss resulted from such sale, it is necessary to know the basis of cost for the two things sold. We know as a fact what the cost was to petitioner of the real estate sold and the cost to it of the right to the sale of immediate possession of the property theretofore encumbered by a lease.

Counsel for petitioner has directed our attention to certain decisions in support of his contention. They relate, however, to situations where the lease of a tenant was purchased by the lessor in order that the lessor might acquire immediate possession of his property for his own use, and the cost of extinguishment of the lease was allowed as a business expense. The distinction in the case at bar is obvious. Petitioner bought and paid for the right of possession of his property in order to sell it, and did sell the very thing purchased. We find no error in the determination of the respondent.

*Judgment will be entered for the respondent.*